UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**         **CASE NO.  6:14-CR-00203-03**

**VERSUS**                                                  **JUDGE DRELL**

**ANITA DESORMEAUX (03)**         **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Before the Court is Anita Desormeaux's Motion Under Federal Rules of Civil Procedure Rule 60(b) (Rec. Doc. 589). The Government filed a Response. (Rec. Doc. 605). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  For the reasons stated below, the Court recommends that the Motion be **DENIED**.

### BACKGROUND

On November 12, 2014, Desormeaux was indicted with thirteen other defendants on several counts arising out of a conspiracy to distribute methamphetamine. (Rec. Doc. 1). She was represented by appointed counsel, Kay Karre Gautreaux.

On July 22, 2015, Desormeaux pled guilty to Count 1 – Conspiracy to Distribute, and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §846. (Rec. Doc. 597). On November 24, 2015, she was sentenced to serve

157 months, followed by four years of supervised release and a special assessment. (Rec. Doc. 386).

Prior to Desormeaux's July 22, 2015 plea, on March 6, 2015, the Government sent a letter to her counsel advising of the allegations of civil rights violations against Jason Comeaux, a DEA Task Force Officer employed by the Iberia Parish Sheriff's Office, who had participated in the investigation involving Desormeaux. The letter provided the docket number and case information for the case against Comeaux. (Rec. Doc. 605-1).

Desormeaux admits that she did not file a direct appeal or a habeas motion under §2255. (Rec. Doc. 589, p. 3). On September 30, 2019, she filed the instant Motion wherein she argues that newly discovered evidence justifies overturning her conviction. She claims that Jason Comeaux, the Iberia Parish Sherriff's officer who was primarily responsible for the investigation underlying her conviction, was convicted for various civil rights violations and that "he threatened her, obtained an indictment off false statements and evidence – securing a conviction because the court always rules in favor of law enforcement testimony. (Rec. Doc. 589, p. 8). The Government filed a response on November 19, 2019. (Rec. Doc. 605).

## LAW AND ANALYSIS

### I.  Nature of Relief Sought and Timeliness.

Desormeaux's *pro se* motion seeks relief under Federal Rules of Civil Procedure Rule 60(b)(2), (3), and (6). Although Civil Rule 60's applicability to criminal proceedings was unclear for some time,[1] the Fifth Circuit has since recognized the rule's limited applicability in cases such as this. *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019). "Rule 60(c) states, 'A motion under Rule 60(b) must be made within a reasonable time—and for reasons [in (b)](1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.'" *Id*. The Court entered judgment sentencing Desormeaux on November 30, 2015. (Rec. Doc. 386). Thus, her motion, filed on September 30, 2019, is untimely insofar as it seeks relief under Rule 60(b)(2) and (3). Otherwise, a motion for relief under Rule 60(b)(6) must be made "within a reasonable time." Rule 60(c).

> A motion under Rule 60(b)(6) must be made "within a reasonable time," "unless good cause can be shown for the delay." Reasonableness turns on the "particular facts and circumstances of the case." We consider "whether the party opposing the motion has been prejudiced by the delay in seeking relief and ... whether the moving party had some good reason for his failure to take appropriate action sooner." "[T]imeliness ... is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment."

---

[1]  See *United States v. O'Keefe*, 169 F.3d 281, 288–89 (5th Cir. 1999) (Dennis, J., dissenting from grant of motion for temporary stay pending appeal, and reasoning that F.R.C.P. Rule 60(b) does not provide for relief from a judgment in a criminal case). See also *United States v. Roberts*, 360 F. App'x 584, 585 (5th Cir. 2010), citing the foregoing with approval.

3

*Clark v. Davis*, 850 F.3d 770, 780 (5th Cir.2017), *cert. denied*, 138 S. Ct. 358, 199 L. Ed. 2d 266 (2017) (citations omitted).

Desormeaux has not shown that her motion was made within a reasonable time. Although she stated that she is incarcerated outside of Louisiana without access to the internet, she attached a news release purportedly dated May 3, 2017 and a news article purportedly dated June 26, 2018 pertaining to the Comeaux criminal proceedings. (Rec. Doc. 589-1). Further, the Government submits that Desormeaux was incarcerated in the Iberia Parish prison and in the New Iberia and St. Martin areas until May 2016, by which time Comeaux had been convicted. (Rec. Doc. 605. See also 16-CR-0045, Rec. Doc. 3, wherein Comeaux pled guilty on March 7, 2016 to civil rights conspiracy, deprivation of rights under color of law, and conspiracy to obstruct.). During that time, news coverage of Comeaux's conviction was rampant.[2] Regardless of the media attention Comeaux's transgressions garnered, Desormeaux has failed to show that she was not previously aware of the criminal proceedings against Comeaux, when the Government sent a letter to her counsel on March 6, 2015, several months prior to her guilty plea, specifically identifying the allegations against Comeaux, as well as the relevant docket number and case information. (Rec. Doc. 605-1). Therefore, the Court finds that Desormeaux's motion under Rule 60(b)(6) is untimely, because she did not file the motion within a reasonable time.

---

[2] See e.g. the Government's cited news stories at Rec. Doc. 605, p. 11, fn. 3 and 4. Desormeaux even attaches two news stories in support of her motion. Rec. Doc. 589-1.

## II.    <u>Whether Rule 60(b) relief is warranted.</u>

Regardless of Desormeaux's untimeliness, the Court finds that she has not established extraordinary circumstances as contemplated by Rule 60(b)(6).

> To prevail on a Rule 60(b)(6) motion in a federal habeas proceeding, a movant must establish that (1) the motion was "made within a reasonable time" and (2) "'extraordinary circumstances' [exist to] justify[ ] the reopening of a final judgment."

*In re Robinson*, 917 F.3d at 862.

"[Extraordinary] circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). In determining whether extraordinary circumstances exist, the district court may include factors such as "the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process." *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019), *as revised* (Aug. 15, 2019), citing *Buck v. Davis*, 137 S. Ct. 759, 778 (2017). "[A] Rule 60(b)(6) movant must show that he can assert 'a good claim or defense' if his case is reopened." *Id.*, citing *Ramirez v. Davis*, 19-70004, ––– F.3d –––, –––, 2019 WL 2622147, at *6 (5th Cir. June 26, 2019) (quoting *Buck*, 137 S. Ct. at 780).

The sole basis for Desormeaux's Rule 60 Motion is the conduct and subsequent conviction of Jason Comeaux. This Court has previously considered similar motions by Desormeaux's co-defendants, Ko Chanhkongshinh and Jenee Hargrave. In each case, this Court found that the circumstances of Comeaux's misconduct did not justify the relief sought. *United States v. Chanhkongshinh*, No.

6:14-CR-00203-04, 2018 WL 4387661, at *3 (W.D. La. Aug. 20, 2018), *report and recommendation adopted,* No. 14-CR-00203-04, 2018 WL 4374682 (W.D. La. Sept. 11, 2018) (holding that Chanhkongshinh failed to present evidence of extraordinary circumstances warranting equitable tolling under §2255); *United States v. Hargrave*, No. 6:14-CR-00203-05, Rec. Doc. No. 607, adopting Report and Recommendation at Rec. Doc. 588 (holding that Hargrave was not entitled to relief based on Comeaux's misconduct, where she would have likely pled guilty in lieu of going to trial, regardless of Comeaux's misconduct, and that none of the other defendants who were also investigated by the same team involving Comeaux elected to proceed to trial.)

Desormeaux's fate is the same as that of her co-defendants. The Court finds that she more probably than not still would have pled guilty in lieu of going to trial. Desormeaux admitted under oath at her guilty plea hearing that during the conspiracy she sold crystal methamphetamine in the New Iberia and Lafayette area. (Rec. Doc. 597, p. 18-22). She admitted that during the conspiracy, she pooled money with her co-defendant, Elliot Jolet, and others to purchase crystal methamphetamine in Texas and transported it to Louisiana for further distribution. (Rec. Doc. 597, p. 22-23). She went on to admit to various details involved in the scheme to purchase methamphetamine in Texas and re-sell it in Louisiana, including her cell-phone communications with co-conspirators. (Rec. Doc. 597, p. 23-26).

Despite her admissions, which clearly warranted a conviction for conspiracy to distribute and possession with intent to distribute methamphetamine and a sentencing guideline range of 262 to 327 months, Desormeaux was sentenced to only 157 months. (Rec. Doc. 373; 374; 382; 383). Further, none of the other defendants who were also investigated by the same team involving Comeaux and who would likely have testified regarding Desormeaux's admitted involvement in the scheme, elected to proceed to trial. Accordingly, the Court finds that Desormeaux has not shown extraordinary circumstances to justify vacation of her conviction and sentence under Rule 60(b)(6).

For these same reasons, the Court finds that Desormeaux's claims under Rule 60(b)(2) and (3) fail, even had they been timely asserted. Rule 60(b)(2) concerns relief from judgment based upon newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial. For the above-discussed reasons, the Court finds that Desormeaux should have known about, or at least could have discovered, the Comeaux issues even before she pled guilty. Indeed, she stated in her Motion that Comeaux's conduct towards her was improper, such that she was admittedly on notice of such issues. (Rec. Doc. 589, p. 3-4). Yet, she still chose to plead guilty. Comeaux's transgressions are not new evidence justifying relief from judgment under Rule 60(b)(2).

Rule 60(b)(3) addresses relief from judgment based upon fraud, misrepresentation, or misconduct by an opposing party. As discussed above, Desormeaux has not shown that Comeaux's purported fraud, misrepresentation, or misconduct in this case would have affected her decision to plead guilty. Desormeaux further contends that the Government committed fraud by failing to disclose the Comeaux issues; however, the Government, through Assistant US Attorney, Mr. Namie, sent a letter to Desormeaux's counsel advising of the civil rights investigation and the pending civil suit against Comeaux, providing the docket number. (Rec. Doc. 605-1). The Government was under no further obligation to provide Desormeaux, through her counsel or otherwise, of updates in the case(s) against Comeaux, particularly where the circumstances were well-publicized.

No other grounds support that Desormeaux's guilty plea was not knowing and voluntary. At the change of plea hearing, she testified that she "had ample opportunity to discuss [her] case with [her] attorney," that she was satisfied with Ms. Gautreaux's representation, and that she felt that Ms. Gautreaux knew and understood the facts and circumstances of the case. (Rec. Doc. 597, p. 5). She further testified that she felt it was in her best interest to plead guilty at that time. *Id*. She acknowledged that she understood the contents of the plea agreement, including the elements of Count 1 (Rec. Doc. 597, p. 7-9). She assured the Court that she understood her rights and that she had read with her attorney "every word, line,

sentence, and paragraph," of the documents. (Rec. Doc. 597, p. 9-14; 26; 30). The Court finds that her plea was knowing and voluntary.

### III. Evidentiary Hearing

Desormeaux asks for an evidentiary hearing on her Rule 60(b) motion. A hearing is not appropriate on Rule 60(b) motion where there are "no relevant factual disputes that would require development in order to assess the claims." *Trottie v. Stephens*, 581 F. App'x 436, 439 (5th Cir. 2014), quoting *Williams v. Taylor,* 529 U.S. 420, 436 (2000). Desormeaux has pointed to no contested factual issue material to her claims. As set forth above, the filings and record conclusively demonstrate that she is not entitled to relief. Therefore, no hearing is required.

### CONCLUSION

For these reasons, the Court recommends that Desormeaux's Motion Under Federal Rules of Civil Procedure Rule 60(b), Relief from Final Judgment in a Criminal Case (Rec. Doc. 589) be DENIED.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Lafayette, Louisiana on this 10th day of December, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE